IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **PETER AGBRO et al.,** | * | |
| Plaintiffs, | * | |
| v. | | Case No.: GJH- 19-cv-01606 |
| | * | |
| **AMERICAN PARTNERS BANK, et al.,** | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Peter Agbro and Deidra Agbro seek a Temporary Restraining Order or Preliminary Injunction enjoining Defendants from selling the property at issue in their *pro se* Complaint, 2202 Dhow Court, Bowie, Maryland 20721 (the Property). ECF No. 26.

The purpose of a temporary restraining order (TRO) or a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Carp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). The grant of a TRO or a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Dewhurst v. Cnty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir.2011) (quoting *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008)) (internal quotation marks omitted). Thus, the burden placed upon Plaintiff to state a claim for a TRO is high. The Supreme Court and the Fourth Circuit recognize four requirements that a party must show to be granted a TRO or preliminary injunction:

> (1) there is a likelihood of success on the merits; (2) there is a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the

balance of equities tips in movant's favor; and (4) the injunction is in the public interest.

*The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir.2009) (citing *Winter*, 555 U.S. at 20); *see also Dewhurst*, 649 F.3d at 290 (reaffirming the four requirements). All four of these requirements must be met in order for a TRO or preliminary injunction to be granted. *See Dewhurst*, 649 F.3d at 290.

Plaintiffs have not met this high burden, however, because they fail to show there is a likelihood of success on the merits given that their Complaint likely does not state a claim for relief.[1] Under Federal Rule of Civil Procedure 8, a Complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 8(d)(1). Further, to state a claim that survives a Rule 12(b)(6) motion, a complaint, relying on only well-pled factual allegations, must state at least a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beauciett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

---

[1] Although Defendant Mortgage Electronic Registration Systems, Inc. (MERS) has filed a Motion to Dismiss for failure to state a claim, that motion is not yet ripe, and the Court is not disposing of it here.

Instead of a concise statement of facts as to the underlying causes of action, Plaintiffs' allegations are difficult to understand, contained in various documents attached to the Complaint, and replete with legal statements and conclusions. ECF No. 1-3. The Complaint appears to rely on a misinterpretation of Maryland law when it alleges that a holder of a Note indorsed in blank, accompanied by a properly record Deed of Trust lacks standing to enforce the Note and Deed of Trust. *Id.* at ¶ 21. This is incorrect. *See Deutsche Bank Nat. Tr. Co. v. Brock*, 430 Md. 714, 728, 63 A.3d 40, 48 (2013). Additionally, documents that are integral to the Complaint demonstrate that Plaintiffs do not own the Property at issue; instead the Property appears to be owned by the "Agbro Family Trust." ECF No. 21-1. As a result, Plaintiffs are unlikely to succeed on the merits because they are not the proper plaintiffs.

Because Plaintiffs have failed to provide a short and plain statement of their claims showing that they are the proper Plaintiff and are entitled to relief, Plaintiffs are not likely to succeed on the merits of their claims. Thus, Plaintiffs' Motion for a Temporary Restraining Order or Preliminary Injunction is denied.

A separate Order shall issue.

Date: <u>June 20, 2019</u>     /s/_____
                               GEORGE J. HAZEL
                               United States District Judge