IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **PETER O. ABGRO,** *et al.*, | * |
| **Plaintiffs,** | * |
| v. | *    Case No.: GJH-19-1606 |
| | * |
| **AMERICAN PARTNERS BANK,** *et al.*, | * |
| **Defendants.** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

In this *pro se* action filed in state court on March 21, 2019, Plaintiffs Peter O. Agbro and Deidra R. Agbro seek to bar a number of financial institutions and entities ("Defendants") from foreclosing on their property. In a lengthy and vague Complaint, Plaintiffs assert several claims against Defendants, each of which seeks to undermine Defendants' ability to foreclose and to establish Plaintiffs as holding superior title to the property. The Complaint seeks damages and equitable relief, including a Temporary Restraining Order, which the Court denied in a prior Memorandum Opinion. ECF No. 27. Two Defendants have now moved to dismiss the Complaint, while another requests a more definite statement. A fourth asserts that it has not been properly served and Plaintiffs have moved for leave to cure service. No hearing is necessary. *See* Loc. Rule 105.6. (D. Md.). Because none of Plaintiffs' claims have merit, the Court will dismiss the Complaint in its entirety and deny the remaining motions as moot.

**I.     BACKGROUND**

Plaintiffs' Complaint draws extensively on mortgage loan documents that they reference throughout the pleading but did not attach. However, one of the Defendants, Mortgage Electronic

1

Registration Systems, Inc. ("MERS"), has provided the relevant documents as exhibits to its Motion to Dismiss. ECF Nos. 11-2, 11-3, 11-4. "Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider exhibits, without converting the motion to dismiss to one for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019) (citing *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)). "In particular, a court may consider documents that are 'explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . .'" *Id.* (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)).

A court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166. "To be 'integral,' a document must be one 'that by its very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Brennan*, 361 F. Supp. 3d at 502 (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)). "A court may also take judicial notice of matters of public record" at the motion to dismiss stage. *Id.* at 501 (citing *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Judicially noticeable materials include filings in county land records. *Ukaegbu v. Select Portfolio Servicing, Inc.*, No. PWG-16-3415, 2017 WL 2930465, at *5 (D. Md. July 7, 2017). With these principles in mind, the Court draws on MERS' exhibits either after taking judicial notice of them as matters of public record under Federal Rule of Evidence 201(b)(2) or after determining that they are integral to the Complaint.

According to the Complaint, on August 29, 2006, Plaintiffs executed a $650,000 promissory note ("Note") secured by a deed of trust ("Deed of Trust") in a piece of real property

located at 2202 Dhow Court in Bowie, Maryland. ECF No. 4 ¶¶ 27, 42. Plaintiffs' lender was Defendant American Partners Bank ("APB"). *Id.* ¶¶ 4, 29; *see* ECF No. 11-3 at 1; ECF No. 11-2 at 1.[1] MERS is named as the beneficiary of the deed of trust, solely as "nominee" for APB and APB's successors in interest. ECF No. 4 ¶ 30; ECF No. 11-2 at 1. The Note and the Deed of Trust were filed in the land records of Prince George's County, Maryland. ECF No. 4 ¶ 28.

On or about September 28, 2006, the Note was sold and securitized into a trust allegedly known as Banc of America Funding 2006-6 Trust ("the BAF Trust"), which Plaintiffs have also named as a Defendant. *Id.* ¶ 33. Plaintiffs state that the BAF Trust has no officers or directors and only exists to hold assets, and that Defendant U.S. Bank, N.A. ("U.S. Bank") is its "Trustee," while Defendant Bank of America, N.A. is its "Sponsor." *Id.* ¶¶ 5, 7, 21. MERS did not record any assignment of the deed of trust at the time of the alleged transfer. *Id.* ¶ 32. On October 15, 2014, an assignment of the deed of trust to Bank of America, N.A., was recorded in the Prince George's County land records. *Id.* ¶ 34; *see* ECF No. 11-4 at 1. Plaintiffs claim that documents used in the assignment contain forged signatures and that the assignment is void. ECF No. 4 ¶¶ 34–39. Finally, Plaintiffs allege that on September 6, 2016, a notice of substitution of trustee was recorded. *Id.* ¶ 40. Plaintiffs separately state that they commissioned a "Forensic Chain of Title Securitization Analysis" of their loan, the results of which they attached as an exhibit. ECF No. 1-3 at 42.

The remainder of the Complaint consists of legal assertions that Plaintiffs have superior title to the property and that Defendants' transfers of Plaintiffs' loan were unlawful. *See* ECF No. 4 ¶ 13. Most prominently, Plaintiffs assert that APB's alleged transfer of their Note to the BAF Trust was not compliant with Maryland law and that no documents or records exist showing that

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

it was lawful. *Id.* ¶¶ 18, 20. Plaintiffs also claim that MERS lacked the ability to transfer rights to the Note and that any documents showing such a transfer are void as a matter of law. *Id.* ¶¶ 19, 21.[2] Accordingly, Plaintiffs conclude, any allegedly current holder of the Note is not the beneficiary of the deed of trust, none of the Defendants can establish possession or rights in the Note or Deed of Trust, and Defendants have not perfected any colorable claim of title or security interest in the property. *Id.* ¶¶ 21–22.

Plaintiffs claim that the "only" party that can rightfully "convey the asset into the trust" is "the Depositor," Defendant Banc of America Funding Corporation. *Id.* ¶ 41. That entity is not mentioned or described elsewhere in the Complaint except in its list of parties, in which it is identified only as "the Depositor." *Id.* ¶¶ 7–8. Plaintiffs also name as a Defendant CitiMortgage, Inc. ("CitiMortgage"), which it alleges is the servicer of the loan. *Id.* ¶ 6. CitiMortgage is not mentioned again, however, except in a heading to the Complaint's count of "unconscionable contract." *Id.* at 11. Additionally, beyond the allegation that it is the trustee of the BAF Trust, Defendant U.S. Bank is mentioned only three other times in the Complaint: once as "Custodian of Records" for the BAF Trust, *id.* ¶ 20; once in a paragraph referring to it as the "trustee" with respect to a transfer of the deed of trust, *id.* ¶ 50; and once in the list of Defendants in the heading of the unconscionable contract count, *id.* at 11.

The Complaint asserts six counts against Defendants: "lack of standing/wrongful foreclosure"; unconscionable contract; breach of contract; breach of fiduciary duty; quiet title; and slander of title. The headings of the "lack of standing/wrongful foreclosure," breach of fiduciary duty, quiet title, and slander of title counts do not identify which Defendants they are asserted against. The unconscionable contract count's heading identifies APB, U.S. Bank,

---

[2] Plaintiffs also claim that MERS has created or managed "Secret Liens" with respect to the property. ECF No. 4 ¶¶ 19, 21.

CitiMortgage, Banc of America Funding Corporation, and "Does 1 - 100," but the body of the count only contains allegations against APB. *Id.* ¶¶ 57–64. The breach of contract count is asserted against "AMERICAN PARTNERS BANK/MERS." As noted previously, the Complaint also seeks a Temporary Restraining Order ("TRO") and injunctive relief barring Defendants from foreclosing on the property before this case is resolved, *id.* ¶¶ 90–95, and a declaration that Plaintiffs are the equitable owners of the property and that Defendants lack any interest superior to Plaintiffs', *id.* ¶¶ 96–97. Finally, Plaintiffs seek between $100,000 and $2,000,000 in damages and a refund of any wrongfully or improperly collected fees and payments. *Id.* at 18.

Plaintiffs filed their Complaint in the Circuit Court for Prince George's County, Maryland on March 21, 2019. ECF No. 4.[3] On May 31, 2019, Defendant CitiMortgage removed the case to this Court, invoking its diversity jurisdiction. ECF No. 1. The Notice of Removal asserts that APB is a defunct entity that no longer exists, citing a Federal Deposit Insurance Corporation record showing that the bank changed its name in 2008, was acquired with government financial assistance in 2010, and had its assets liquidated on or about April 30, 2010. *Id.* at 3 (citing ECF No. 1-2). CitiMortgage then filed a Motion to Dismiss for Insufficient Service of Process, or, in the Alternative, to Quash Service. ECF No. 7. On June 11, 2019, MERS filed a Motion to Dismiss. ECF No. 11. On June 14, U.S. Bank filed a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e). ECF No. 20. U.S. Bank and CitiMortgage also filed responses in opposition to the TRO. ECF Nos. 21, 22.

The Court denied the TRO petition on June 14, 2019, finding that the Complaint likely does not state a claim for relief because it appears to rely on a misinterpretation of Maryland law. ECF No. 27. The Court also noted an issue raised by U.S. Bank, which submitted public records

---

[3] Plaintiffs also filed a standalone petition for a TRO or preliminary injunction with the Complaint. ECF No. 1-3 at 25.

from the Maryland Department of Assessments and Taxation showing that the property at issue is owned by the "Agbro Family Trust." *Id.* at 3 (citing ECF No. 21-1). Following the Court's Order, ECF No. 28, Bank of America, N.A. and "Bank of America Funding Company" (the "Bank of America Defendants") filed a Motion to Dismiss, ECF No. 29. Plaintiffs filed an Opposition to MERS' Motion on July 3, 2019, ECF No. 33, and Oppositions to CitiMortgage's Motion and the Bank of America Defendants' Motions on July 5, ECF Nos. 34, 35. CitiMortgage filed a Reply on July 15, 2019, ECF No. 38, MERS filed its Reply on July 17, ECF No. 39, and the Bank of America Defendants filed a Reply on July 19, ECF No. 40.

On August 15, 2019, Plaintiffs filed a Motion for Leave of Court indicating that they have cured their allegedly insufficient service of process on CitiMortgage. ECF No. 45. Finally, on February 25, 2020, the Court issued a Letter Order seeking clarification from Plaintiffs about the ownership of the property and from Defendants about indorsements on Plaintiffs' Note to which MERS refers in its Motion. ECF No. 48. Plaintiffs and each set of Defendants who have appeared filed responses. ECF Nos. 49, 50, 51, 52.

## II. STANDARD OF REVIEW

To state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific" inquiry, drawing

on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570).

When performing this inquiry, the Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court need not, however, accept unsupported legal conclusions, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal,* 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009).

"A plaintiff filing *pro se* is held to a 'less stringent standard[]' than is a lawyer, and the Court must construe *pro se* claims liberally.'" *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "However, even a *pro se* complaint must meet a minimum threshold of plausibility." *Id.* (citing *Letke v. Wells Fargo Home Mortg., Inc.*, No. RDB–12–3799, 2013 WL 6207836, at *2 (D. Md. Nov. 27, 2013)).

III. DISCUSSION

While Plaintiffs' Complaint is vague as a whole, reviewing each of the claims on its own reveals the lack of merit to the action. However, the Court must first address the issue raised by U.S. Bank that Plaintiffs are not the owner of the property at issue. According to public records U.S. Bank submitted, of which the Court takes judicial notice, the property is owned by "Agbro Family Trust." ECF No. 20-2. A recorded warranty deed of which U.S. Bank also submitted a copy shows that on October 23, 2017, Plaintiffs transferred the property to themselves as co-

trustees of the Agbro Family Trust for $10.00. ECF No. 20-3 at 1. In its Letter Order, the Court requested that Plaintiffs explain the circumstances of the trust's creation and the transfer because they had not mentioned the trust thus far in this action. ECF No. 48.

Plaintiffs in response submitted a packet of documents related to the creation of the trust dated September 4, 2017. ECF No. 49-2. The documents identify Plaintiff Peter O. Agbro as the grantor as well as one of the co-trustees with Plaintiff Deidra R. Agbro. *Id.* at 12. Plaintiffs neither provided an explanation for their failure to mention the trust previously nor put forth any legal argument as to why it would be proper for this action to proceed when Plaintiffs are not the owners of the property. Nonetheless, given Plaintiffs' *pro se* status and the Fourth Circuit's "strong policy that cases be decided on the merits," the Court will exercise its discretion to treat Plaintiffs as having sued not in their individual capacities but rather as co-trustees of the Agbro Family Trust. *Projects Mgmt. Co. v. Dyncorp Int'l, LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)). "Under Maryland law, 'a trust as an entity does not have the capacity to be sued and that . . . capacity exists only in its trustees.'" *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 262 (D. Md. 2015) (quoting *White v. Lundeberg Md. Seamanship Sch., Inc.*, 57 F.R.D. 128, 130 (D. Md. 1972)). Accordingly, because Peter and Deidra Agbro would be the proper Plaintiffs in this action if they had sued on behalf of the Agbro Family Trust, the Court will proceed to considering the merits of their claims.

    **A. "Lack Of Standing/Wrongful Foreclosure"**

Plaintiffs' first count, styled as "Lack of Standing/Wrongful Foreclosure," largely repeats claims made in other sections of the Complaint. First, Plaintiffs state that no Defendant has "standing" to foreclose because none has an equitable right to foreclose or a perfected security

interest in the property. ECF No. 4 ¶¶ 44–45. Plaintiffs then ask that the Court "find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law" because Defendants' actions related to the transfers of the loan "involved numerous fraudulent, false, deceptive and misleading practices." *Id.* ¶ 45. Plaintiffs further assert that their Note could not lawfully be transferred through the means Defendants allegedly used and that Defendants now claim a right to illegally commence a foreclosure sale supported by false or fraudulent documents. *Id.* ¶¶ 53–54. Finally, Plaintiffs claim that MERS lacks authority to own, transfer, or foreclose on an interest in a note. *Id.* ¶¶ 47–52.

At the outset, as the Bank of America Defendants note in their Motion to Dismiss, ECF No. 29-1 at 3–4, no standalone "wrongful foreclosure" cause of action exists under Maryland law. *See Littlejohn v. BWW Law Grp. & Assocs.*, No. PWG-14-1696, 2014 WL 6391119, at *4 (D. Md. Nov. 14, 2014) (citing *Davis v. Wilmington Fin., Inc.*, No. PJM-09-1505, 2010 WL 1375363, at *7 (D. Md. March 26, 2010)). As a result, this count essentially seeks a declaration affirming Plaintiffs' assertions about the unlawfulness of the transfers leading to the foreclosure. In the Memorandum supporting its Motion to Dismiss, ECF No. 11-1, MERS separates Plaintiffs' arguments into two categories: those concerning the enforcement rights of the holder of a note, and those concerning MERS' ability to make assignments.

In support of its arguments concerning the rights of a holder of a note under Maryland law, MERS attaches copies of Plaintiffs' Note and Deed of Trust, as well as assignments of the Deed of Trust, each of which is marked as having been entered in Prince George's County land records. ECF Nos. 11-2, 11-3, 11-4; *see Ukaegbu*, 2017 WL 2930465, at *5 (taking judicial notice of filings in the Land Records Office of Prince George's County). The signature page of the Note contains the signatures of both Plaintiffs and a stamp stating "allonge attached for the

purpose of endorsing the note." ECF No. 11-3 at 4. "An allonge is generally a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Deutsche Bank Nat'l Tr. Co. v. Brock*, 63 A.3d 40, 42 n.3 (Md. 2013) (citation and internal quotation marks omitted). Pursuant to Maryland law, an allonge is considered to be a part of the note. *See id*. (citing Md. Code Ann., Com. Law § 3-204(a)).

Following the signature page of Plaintiffs' Note is a page titled "Allonge" that shows the Plaintiffs as borrowers, the address of the property, the loan amount and date, and the text "Without Recourse Pay to the Order of: Wells Fargo Bank, N.A." ECF No. 11-3 at 6. Below that text is the signature of a "Senior Vice President" and "Bank Officer of American Partners Bank," Jeffrey Scheuren. *Id.* In its Motion, MERS argues that the Note was "indorsed into 'Blank,'" making it payable to any party that holds it. ECF No. 11-1 at 7–8 (citing Md. Code Ann., Com. Law § 3-205(b)). Under Maryland law, an indorsement is blank is distinguished from a "special indorsement," which identifies a specific person to whom the instrument is payable. Md. Code Ann., Com. Law § 3-205(a). However, because the allonge on Plaintiffs' Note appeared to be a special indorsement to Wells Fargo Bank, N.A. ("Wells Fargo"), an entity no party had mentioned, the Court's Letter Order asked Defendants to explain its role in the proceedings at issue and asked MERS to clarify its argument with respect to the allonge. ECF No. 48.

In its response, MERS acknowledged that the first page of the allonge contains a special indorsement from APB to Wells Fargo and that Wells Fargo was apparently at one point the holder of the Note. ECF No. 50 at 1–2 (citing ECF No. 11-3 at 6).[4] However, MERS pointed the Court to the back of the Allonge, which MERS stated contains a blank indorsement executed by

---

[4] The remaining Defendants denied any knowledge of Wells Fargo's involvement in the proceedings at issue. ECF Nos. 51, 52.

10

Wells Fargo. *Id.* (citing ECF No. 11-3 at 7). A stamp on that page indeed states "Without Recourse Pay to the Order of," below which is a signature block stating "Wells Fargo Bank., N.A., by Joan M. Mills, Vice President," and Mills' signature. ECF No. 11-3 at 7. As MERS notes, in *Deutsche Bank National Trust Co. v. Brock*, the Maryland Court of Appeals found that a similarly structured indorsement, which included only the name of the party making the indorsement and did not identify a person to whom the instrument was made payable, was an indorsement in blank. 63 A.3d at 50.

Citing governing provisions of the Commercial Law Article of the Maryland Code, the court in *Brock* concluded that a note's blank indorsement renders it enforceable by its holder. *Id.* at 49. The court first explained that "[p]ursuant to the Commercial Law Article, a promissory note may be enforced by: (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder . . . . A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." *Id.* (quoting Md. Code Ann., Com. Law § 3-301). The court continued:

> In this context, a "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." [Md. Code Ann., Com. Law] § 1–201(b)(21)(i). A promise or order is payable to bearer if it states that: (a) it is payable to bearer or to cash; (b) indicates that an individual or entity in possession of the promise or order is entitled to payment; (c) does not state a payee; or, (d) otherwise indicates that it is not payable to an identified person. *Id.* at § 3-109(a).

*Id.* Applying these provisions, the court rejected the argument that only the owner of a note may bring an action to foreclose and concluded that "the person in possession of a note, either specially indorsed to that person or indorsed in blank, is a holder entitled generally to enforce

that note." *Id.* at 49–50 (footnotes omitted). On this basis, the court overturned a lower court decision that had reached the opposite conclusion. *Id.* at 50–51.

The principles articulated in *Brock* control here. Plaintiffs' Note includes an indorsement in blank and therefore is enforceable by any party in possession. ECF No. 11-3 at 6–7. In their Opposition to MERS' motion, Plaintiffs claim that in order to enforce a note secured by a deed of trust, the purported holder must "prove how it came into possession" of the note. ECF No. 33-1 at 4–5. Besides an irrelevant section of the Commercial Law Article, Plaintiffs cite no authority for this proposition, which fails to acknowledge the ruling in *Brock*. Plaintiffs instead quote from sections of *Brock* in which the court described the reasoning of the decision that it overturned. *Id.* Plaintiffs also do not dispute the authenticity of the copy of their Note that MERS submitted. In light of *Brock*'s plain conclusions of Maryland law, the Court finds that Plaintiffs' Note contains an indorsement in blank and therefore that it is enforceable through foreclosure by any party in possession. *See* 63 A.3d at 49–50. As *Brock* explained, "once the note is transferred, 'the right to enforce the deed of trust follow[s].'" *Id.* at 48 (alteration in original) (quoting *Svrcek v. Rosenberg*, 40 A.3d 494, 507 (Md. App. 2012). Plaintiffs' claims that no Defendant can have the appropriate rights to proceed with foreclosure therefore fail as a matter of law.[5]

Plaintiffs' attacks on the validity of transfers by and involving MERS fare no better. First, "[j]udges in this District, including this Court, have repeatedly rejected the notion that, as a general matter, the securitization of notes renders them unenforceable." *Lawson v. MERS, Inc.*, No. 8:13-cv-01249-AW, 2013 WL 4482953, at *3 (D. Md. Aug. 20, 2013); *see also Howes v. Wells Fargo Bank, N.A.*, No. ELH-14-2814, 2015 WL 5836924, at *26 (D. Md. Sept. 30, 2015)

---

[5] MERS states that "Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2," is the current holder of Plaintiffs' physical Note. ECF No. 11-1 at 5–6, 10. Because Plaintiffs have not mentioned that entity, the Court makes no findings with respect to it or its rights beyond rejecting Plaintiffs' position that the holder of Plaintiffs' Note is not entitled to enforce the Deed of Trust.

12

(holding that "[a]s a matter of law, securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his or her loan"). Plaintiffs' allegations with respect to MERS' role in the securitization of their loan therefore lack merit.

Second, as MERS observes, decisions of this Court have repeatedly affirmed the validity of MERS assignments. As the court noted in *Parker v. Deutsche Bank National Trust Co.*, "[t]his Court has previously noted that courts, addressing challenges to MERS similar to those raised here, have consistently found that 'the system of recordation is proper and assignments made through that system are valid.'" No. WMN-12-3358, 2013 WL 1390004, at *3 (D. Md. Apr. 3, 2013) (quoting *Suss v. JP Morgan Chase Bank, N.A.*, No. WMN-09-1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010)). Additionally, in *Mabry v. MERS*, the court found that because the plaintiff's deed of trust permitted MERS to act on behalf of the lender as its nominee, the plaintiff by signing the deed of trust had consented to MERS' authority to do so. No. WMN-13-1700, 2013 WL 5487858, at *3 (D. Md. Oct. 1, 2013). The same conclusion applies here because Plaintiffs' Deed of Trust contains the same authorization. ECF No. 11-2 at 3.

To the extent that Plaintiffs seek to challenge the validity of the assignments of their loans, by MERS or otherwise, judges in this District have held consistently that "plaintiffs lack standing to challenge the propriety of the assignment of a mortgage loan." *Powell v. Countrywide Bank, FSB*, No. PX 16-1201, 2016 WL 5815884, at *4 (D. Md. Oct. 4, 2016). "In the consumer lending context, a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Id.* (quoting *Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) (per curiam)). As a result, borrowers may not challenge the validity of assignments of their loans when they were not parties to the assignments nor their intended beneficiaries. *See id.* (citing *Wolf*, 512 F. App'x at

342). Importantly, "intervening assignments do not affect [plaintiffs'] rights in that, regardless of their validity, Plaintiffs 'still ha[ve] an obligation under the note to make payments.'" *Id.* (second alteration in original) (quoting *Wolf*, 512 F. App'x at 342).

Plaintiffs here make no allegations that they were parties to the assignments at issue or their intended beneficiaries. Accordingly, Plaintiffs lack the ability to challenge the assignments. *See Ukaegbu*, 2017 WL 2930465, at *4 (collecting cases applying this principle). Because none of Plaintiffs' arguments supporting their "Lack of Standing/Wrongful Foreclosure" count have merit, Plaintiffs have failed to state a claim with respect to that count.

### B. Unconscionable Contract

Plaintiffs' next claim asserts that they were "forced, tricked, and mislead [sic] into parting with their property" through misrepresentations by APB that induced Plaintiffs into entering their loan. ECF No. 4 ¶¶ 58, 60–64. As an initial matter, while the heading of this count identifies U.S. Bank, CitiMortgage, Banc of America Funding Corporation, and "Does 1 - 100" as Defendants in addition to APB, Plaintiffs only make allegations in the body of the count against APB. To the extent the Complaint can be liberally read to assert the claim against the other Defendants, however, Maryland common law rejects implied liability for assignees in this context. *See Galante v. Ocwen Loan Servicing, LLC*, No. ELH-13-1939, 2014 WL 3616354, at *24 (D. Md. July 18, 2014) (citing *Brown v. Bank of Am., N.A.*, 2012 WL 380145, at *4 (D. Md. Feb. 3, 2012)). As a result, judges of this Court have repeatedly dismissed claims against assignees of mortgage loans for alleged frauds committed by their assignors or predecessors. *See, e.g.*, *Jones v. Bank of N.Y. Mellon*, No. DKC 13-3005, 2014 WL 3778685, at *4 (D. Md. July 29, 2014); *Onwumbiko v. JP Morgan Chase Bank, N.A.*, No. 8:12-cv-01733-AW, 2012 WL 6019497, at *3 (D. Md. Nov. 30, 2012). That principle squarely applies here.

Further, the allegations in the body of the count are little more than a set of vague grievances with respect to disclosures APB allegedly failed to make to Plaintiffs when they initiated their loan. ECF No. 4 ¶¶ 60–64. Plaintiffs fail to explain what duty APB had to make these disclosures, nor how their omission rendered Plaintiffs' loan agreement both substantively and procedurally unconscionable, as Maryland law requires. *See Bracey v. Lancaster Foods*, No. RDB-17-1826, 2018 WL 1570239, at *4 (D. Md. Mar. 30, 2018) (collecting cases). Finally, even if there were plausible elements to the allegations, any claim is time-barred. "In Maryland, the default statute of limitations for civil actions is three years 'unless another provision of the Code provides a different period of time.'" *Evans v. Beneficial Fin. I, Inc.*, No. DKC 14-1994, 2015 WL 535718, at *3 (D. Md. Feb. 9, 2015); *see also Taylor v. Onewest Bank, FSB*, No. PJM 10-2247, 2011 WL 768962, at *2 (D. Md. Feb. 28, 2011). Plaintiffs allege that they entered their Note and Deed of Trust with APB in August 2006, ECF No. 4 ¶ 27, and have pointed to no provision of Maryland law that would make timely an action filed more than twelve years later.

Though Maryland follows a discovery rule under which a cause of action does not accrue while an adverse party conceals it through fraud, Plaintiffs make no such allegations of concealment here, nor could they. *See Taylor*, 2011 WL 768962, at *2–*3. As signers of the loan documents at issue, Plaintiffs had all of the information needed to determine whether they were the victims of fraud at the time they entered the agreement. *See id.* at *3 (collecting cases reaching this conclusion); *see also Kuechler v. Peoples Bank*, 602 F. Supp. 2d 625, 632 (D. Md. 2009) (holding that plaintiff borrowers were obligated to read loan agreement documents before executing them). Plaintiffs' claim will therefore be dismissed.

## C. Breach of Contract

Plaintiffs' next count is a breach of contract claim against APB and MERS. In its entirety, the claim alleges that under paragraph 23 of Plaintiffs' Deed of Trust, APB and MERS were obligated to release their interest in the Deed of Trust on payment of all sums owed, that APB was paid in full when it sold and relinquished its interest in the property, and that it thus breached the Deed of Trust by failing to release its security interest at that time. ECF No. 4 ¶¶ 67–69. In its entirety, the language at issue states: "Upon payment of all sums secured by this Security Instrument, Lender or Trustee, shall release this Security Instrument and mark the Note 'paid' and return the Note to Borrower." ECF No. 11-2 at 12. Reading this language in the manner Plaintiffs attempt, however, is directly foreclosed by Fourth Circuit precedent.

In *Anand v. Ocwen Loan Servicing, LLC*, the Fourth Circuit interpreted identical language in a deed of trust. 754 F.3d 195, 199–200 (4th Cir. 2014). The plaintiffs, Maryland homeowners, claimed that following their default, the defendants had been fully compensated by mortgage insurance for the amount plaintiffs owed, thereby triggering the release clause in their deed of trust. *Id.* at 197. The Fourth Circuit rejected this argument on the ground that the plaintiffs' deed of trust had to be read as a whole and that doing so made clear "that the release provision is triggered only if the [plaintiffs] satisfy their contractual obligations." *Id*. at 199. The court specifically highlighted provisions of the deed of trust stating that it secured performance of the borrowers' covenants and agreements under their note and making clear that the borrowers must pay the principal and interest on the debt evidenced by the note. *Id.* Because plaintiffs conceded they had not satisfied those obligations, the release provision was not triggered. *Id.*

The same conclusion applies here because Plaintiffs' Deed of Trust contains not only the same release provision that the Fourth Circuit considered in *Anand*, but also the exact same

language with respect to Plaintiffs' obligations to repay the loan debt. Specifically, the Deed of Trust states that it "secures to Lender . . . the performance of *Borrower's* covenants and agreements under . . . the Note" and that "*Borrower* shall pay when due the principal of, and interest on, the debt evidenced by the Note." ECF No. 11-2 at 3 (emphasis added). While Plaintiffs here have not expressly stated that they failed to satisfy that obligation, their default is implicit in their allegations about Defendants' attempt to foreclose, and Plaintiffs acknowledge that they received a notice of default with respect to the loan. ECF No. 4 ¶ 49. Accordingly, the Fourth Circuit's rejection of the plaintiffs' argument in *Anand* fully applies here and this claim must be dismissed.

### D. Breach of Fiduciary Duty

Plaintiffs' fourth count essentially restates the breach of contract claim by asserting that APB breached a fiduciary duty to Plaintiffs by failing to release its interest in the property after selling Plaintiffs' loan. The Complaint alleges that APB "failed to meet their fiduciary duty to satisfy, release, and reconvey the Real Property Lien Deed of Trust and the beneficial security interest (personal property) therein after receiving payment for all sums represented as the service release premium"; "for payment rendered through a service release premium divested itself of their capacity under Accommodated Note but, did not comply with the covenants of the Deed of Trust specifically, Covenant 23 – Release"; and "failed to adhere to their Fiduciary Duties" because APB was required "to satisfy, release and reconvey the security instrument allowing Plaintiffs to maintain clear and marketable title," thereby "caus[ing] a cloud on Plaintiffs' superior claim to title." ECF No. 4 ¶¶ 73–75.

As the Court explained previously, the release clause of the Deed of Trust did not obligate APB to take any of these steps upon its sale of Plaintiffs' loan. Further, Plaintiffs have

17

alleged no facts that would give rise to a fiduciary relationship. Under Maryland law, a plaintiff asserting a breach of fiduciary duty claim "must 'identify the particular fiduciary relationship involved, identify how it was breached, consider the remedies available, and select those remedies appropriate.'" *Adobe Sys. Inc. v. Gardiner*, 300 F. Supp. 3d 718, 726 (D. Md. 2018) (quoting *Kann v. Kann*, 690 A.2d 509, 521 (Md. 1997)). While there is some dispute among courts as to how a fiduciary duty claim must be pleaded, *see id.* at 726–27, it is clear that the plaintiff must allege the existence of such a duty. As the Bank of America Defendants note, ECF No. 29-1 at 4–5, typical fiduciary relationships include those between trustees and beneficiaries, agents and principals, and attorneys and clients. *See Buxton v. Buxton*, 770 A.2d 152, 164 (Md. App. 2001). The relationship between a bank and a borrower, however, is ordinarily not a fiduciary one. *Parker*, 179 F. Supp. 3d at 521 (citing *Yousef v. Trustbank Sav., FSB.*, 568 A.2d 1134, 1138 (Md. App. 1990)). Because Plaintiffs have identified no relationship between them and APB that qualifies as fiduciary, Plaintiffs have failed to state a claim of breach.

### E. Quiet Title

Plaintiffs' quiet title claim asserts that Defendants wrongfully claim an interest in the property by asserting that they own Plaintiffs' Note. ECF No. 4 ¶¶ 77–80. In fact, Plaintiffs allege, none of the Defendants holds a valid interest in the property. *Id.* ¶ 81. This claim is thus premised on the first count's allegations about ownership and transfers of Plaintiffs' loan, which the Court has rejected. A quiet title action therefore cannot proceed. "To state a successful quiet title action, the plaintiff must show his claim to title and sufficiently allege an invalid or defective adverse interest." *Jones*, 2014 WL 3778685, at *3 (citing *Hood v. Aurora Loan Servs.*, No. CCB-10-11, 2010 WL 2696755, at *5 (D. Md. July 6, 2010)). "Where, as here, the Plaintiffs have conveyed their property through the medium of a deed of trust to trustees securing

18

repayment of a loan, they no longer have a claim to legal title to the property and a quiet title action is not appropriate." *Harris v. Household Fin. Corp.*, No. RWT 14-606, 2014 WL 3571981, at *2 (D. Md. July 18, 2014); *see also Anand*, 754 F.3d at 199 ("a plaintiff's ownership of legal title is a prerequisite to bringing a quiet title claim"). Plaintiffs' quiet title claim will accordingly be dismissed.

### F. Slander of Title

Plaintiffs finally assert a claim of slander of title. This count makes largely unintelligible allegations about missing statements relating to perfection of security interests, which Plaintiffs claim "remain unrecorded as 'Secret Liens.'" ECF No. 4 ¶¶ 86–88. Plaintiffs additionally claim that the recording of APB's assignment of the Deed of Trust in the Prince George's County land records "is a communication to a third party of a false statement derogatory to Plaintiffs' title made with malice causing special damages to the Plaintiffs' claim of title." *Id.* ¶ 89. While that allegation accurately identifies the elements of a Maryland slander of title claim, *see Rounds v. Md.-Nat'l Capital Park & Planning Comm'n*, 109 A.3d 639, 663 (Md. 2015), it is plainly insufficient to state a claim that can survive a motion to dismiss.

The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters*, 684 F.3d at 439. Plaintiffs make no allegations here to support their assertions of malice and special damages, nor do they explain in what way the recording of the assignment was a false statement. The Court has already rejected the theory that MERS was not empowered to assign the Deed of Trust on APB's behalf and Plaintiffs offer no other basis to satisfy that element of the claim. Accordingly, in light of the conclusory nature of Plaintiffs' allegations and the lack of support in the Complaint for several of the claim's elements, the slander of title claim will be dismissed.

19

### G. Equitable Relief and Pending Motions

In addition to its request for damages, the Complaint seeks a TRO, which the Court has already denied, as well as injunctive relief to bar foreclosure and a declaration that Plaintiffs are the equitable owners of the property. ECF No. 4 ¶¶ 91–95, 97–99. Because none of Plaintiffs' claims have merit, equitable relief will be denied and the Complaint will be dismissed for failure to state a claim. Accordingly, because the Court is dismissing the Complaint in its entirety, the Court will deny as moot U.S. Bank's Motion for a More Definite Statement, ECF No. 20, and Plaintiffs' Motion for Leave to serve CitiMortgage, as well as CitiMortgage's Motion to Dismiss for Insufficient Service of Process, ECF No. 7.

### IV. CONCLUSION

For the foregoing reasons, MERS' Motion to Dismiss, ECF No. 11, and the Bank of America Defendants' Motion to Dismiss, ECF No. 29, will be granted, and CitiMortgage's Motion to Dismiss for Insufficient Service of Process, ECF No. 7, U.S. Bank's Motion for More Definite Statement, ECF No. 20, and Plaintiffs' Motion for Leave of Court, ECF No. 45, will be denied as moot. A separate Order shall issue.[6]

Date: <u>March   26, 2020</u>                               /s/_____
                                                                                            GEORGE J. HAZEL
                                                                                            United States District Judge

---

[6] Defendants request that Plaintiffs' claims be dismissed with prejudice. While plaintiffs should generally be given the chance to amend a complaint, dismissal with prejudice is proper if there is no set of facts a plaintiffs could present to support her claim. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). Because Plaintiffs' claims here rely on misunderstandings of the applicable law, are time-barred, or both, dismissal with prejudice is appropriate.